**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JAY BONANZA BRILEY, | : | |
|  | : | Civ. Action No. 16-5571 (RMB) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| MR. ORTIZ, Warden, | : | |
| FCI Fort Dix, | : | |
|  | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner Jay Bonanza Briley's ("Briley") "Urgent Motion Request for Reconsideration of Petitioner's Writ of Habeas Corpus" ("Mot. for Reconsideration") (ECF No. 34) and Briley's "Urgent Motion Request to Amend Reconsideration of Petitioner's Writ of Habeas Corpus" ("Mot. to Amend") (ECF No. 38). Respondent filed a brief in opposition to Briley's motion for reconsideration. (Resp't Brief, ECF No. 36.)

I.  BACKGROUND

On September 13, 2016, Petitioner Jay Bonanza Briley ("Briley"), incarcerated in FCI Fort Dix, in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Briley contended that Federal Bureau of Prisons

("BOP") staff improperly renewed a "Greater Security Management Variable" ("MGTV") and later improperly applied a "Public Safety Factor" ("PSF") to his security classification, precluding him from transferring to a minimum-security prison camp. (Pet., ECF No. 1, ¶¶14, 16, 19, 25-27.) Briley sought immediate release to a residential reentry center ("RRC"), and participation in the Veteran Outreach Treatment Program and the Veterans Reentry Program. (Id., ¶33.) He further sought one year early release based on his RDAP treatment. (Id., ¶34.)

On April 21, 2017, this Court dismissed Briley's § 2241 petition, holding Briley's claims that the Federal Bureau of Prisons ("BOP") staff improperly renewed a MGTV and improperly applied a PSF to his security classification are not cognizable under 28 U.S.C. § 2241. (Opinion, ECF No. 31 at 12-13, citing Mundo-Violante, 654 F. App'x 49, 51 (3d Cir. 2016) ("neither BOP policy nor the Due Process Clause gives a prisoner a liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities") (citations omitted); Briley III, 632 F. App'x at 85 (noting that inmates have no constitutional right to a particular security classification); Anguiano-Sanchez v. Zickefoose, No. 12-0477 (RMB), 2013 WL 356012, at *3 (D.N.J. Jan. 29, 2013) (same); Ford v. Hughes, No. 11-7029 (RMB), 2012 WL 3228714, at *3 (D.N.J. Aug. 3, 2012) (same)).

2

The Court also dismissed without prejudice Briley's unexhausted claims concerning RRC placement and RDAP early release. (Id. at 13, 14.) Briley filed a notice of appeal to the Third Circuit Court of Appeals on May 5, 2017, and the Third Circuit affirmed the judgment of the District Court on August 15, 2017. (ECF Nos. 33, 44).

In the meantime, on May 9, 2017, Briley filed the instant motion for reconsideration (ECF No. 34), which he sought to amend on May 30, 2017 (ECF No. 38.) The Court grants Briley's motion to amend his motion for reconsideration (ECF No 38), and the Court will consider the Administrative Remedy Response dated April 27, 2017, submitted by Briley after filing his motion for reconsideration.

Briley seeks reconsideration based on the Court's failure to rule on his request to amend his petition to include a new exhibit, Docket Entry No. 25. (ECF No. 34.) Briley asserts this exhibit was the lynchpin of his petition because it indicates that his probation officer stated, "the medical evidence suggest with a sufficient indicia of reliability that the injuries and impairments that manifested subsequent to the arrest of the defendant are a direct result of being assaulted by the defendant." (Id., ¶12.) Briley claims this is evidence that the probation officer failed to investigate alleged errors in his presentence report. (Id., ¶1.)

3

Briley also submitted a May 3, 2017 response from his probation officer, stating she will not amend Briley's presentence report without an order from the sentencing judge. (Id., ¶¶ 21-22.) Finally, Briley asserts he has exhausted his administrative remedies because he received a response from the Central Office on February 19, 2017. (Id., ¶25.)

For the reasons discussed below, the Court denies the motion for reconsideration.

II.  DISCUSSION

   A.   Standard of Review

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

4

> Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

Id.

   B.  Analysis

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam); United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986), cert. denied, 479 U.S. 1056, (1987)). Even assuming the newly-submitted Central Office remedy response shows that Briley exhausted his administrative remedies concerning his RRC placement and RDAP early release on April 27, 2017, Briley was required to exhaust his administrative remedies before filing the instant petition on September 13, 2016. This Court properly dismissed the unexhausted claims without prejudice to Briley filing a new petition on these issues after exhausting his claims, and reconsideration is not warranted.

Furthermore, reconsideration is not warranted based on the documents filed in Docket Entry 25 or the May 3, 2017 response

from Briley's probation officer.  Briley's claims challenging his security classification simply are not cognizable under 28 U.S.C. § 2241. See Briley v. Att. Gen. U.S., 632 F. App'x 84, 85 (3d Cir. 2016) (dismissing Briley's security classification claim in prior habeas petition); Briley, No. 17-2029, 2017 WL 3483166, at *2 ("Briley's instant claims—that the BOP staff improperly renewed a MGTV and improperly applied a PSF to his security classification—are not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment.").

III. CONCLUSION

    For the reasons discussed above, the motion to amend is granted but the motion for reconsideration is denied. An appropriate Order follows.


Dated: November 17, 2017

                                      s/Renée Marie Bumb
                                      **Renée Marie Bumb**
                                      **United States District Judge**