**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JAY BONANZA BRILEY, | : | |
| | : | Civ. Action No. 16-5571 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MR. ORTIZ, Warden, | : | |
| FCI Fort Dix, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner Jay Bonanza Briley's ("Briley") Motion for Relief from Order and Opinion, Dated April 21, 2017 ("Second Mot. for Reconsideration," ECF No. 47.) For the reasons discussed below, the Court denies Briley's second motion for reconsideration.

I.  BACKGROUND

On September 13, 2016, Petitioner Jay Bonanza Briley ("Briley"), incarcerated in FCI Fort Dix, in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Briley contended that Federal Bureau of Prisons ("BOP") staff improperly renewed a "Greater Security Management Variable" ("MGTV") and later improperly applied a "Public Safety

Factor" ("PSF") to his security classification, precluding him from transferring to a minimum-security prison camp. (Pet., ECF No. 1, ¶¶14, 16, 19, 25-27.) Briley sought immediate release to a residential reentry center ("RRC"), and participation in the Veteran Outreach Treatment Program and the Veterans Reentry Program. (Id., ¶33.) He further sought one-year early release based on his RDAP treatment. (Id., ¶34.)

On April 21, 2017, this Court dismissed Briley's § 2241 petition, holding Briley's claims that the Federal Bureau of Prisons ("BOP") staff improperly renewed a MGTV and improperly applied a PSF to his security classification are not cognizable under 28 U.S.C. § 2241. (Opinion, ECF No. 31 at 12-13, citing Mundo-Violante, 654 F. App'x 49, 51 (3d Cir. 2016) ("neither BOP policy nor the Due Process Clause gives a prisoner a liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities") (citations omitted); Briley III, 632 F. App'x at 85 (noting that inmates have no constitutional right to a particular security classification); Anguiano-Sanchez v. Zickefoose, No. 12-0477 (RMB), 2013 WL 356012, at *3 (D.N.J. Jan. 29, 2013) (same); Ford v. Hughes, No. 11-7029 (RMB), 2012 WL 3228714, at *3 (D.N.J. Aug. 3, 2012) (same)).

The Court also dismissed without prejudice Briley's unexhausted claims concerning RRC placement and RDAP early release. (Id. at 13, 14.) Briley filed a notice of appeal to the

2

Third Circuit Court of Appeals on May 5, 2017, and the Third Circuit affirmed the judgment of the District Court on August 15, 2017. (ECF Nos. 33, 44).

On May 9, 2017, Briley filed his first motion for reconsideration (ECF No. 34), which he amended on May 30, 2017. (ECF No. 38.) The Court found reconsideration was not warranted based on the documents filed in Docket Entry 25 or the May 3, 2017 response from Briley's probation officer because Briley's claims challenging his security classification were simply not cognizable under 28 U.S.C. § 2241. (Opinion, ECF No. 45 at 5-6 citing Briley v. Att. Gen. U.S., 632 F. App'x 84, 85 (3d Cir. 2016) (dismissing Briley's security classification claim in prior habeas petition); Briley, No. 17-2029, 2017 WL 3483166, at *2 ("Briley's instant claims—that the BOP staff improperly renewed a MGTV and improperly applied a PSF to his security classification—are not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment.)

In Briley's instant motion for reconsideration, he alleges newly discovered evidence that Attorney Edward J. Dimon of Carluccio, Leone, Dimon, Doyle & Sacks, LLC agreed to represent Briley in this action. (Second Mot. for Reconsideration, ECF No. 47.) Petitioner did not know Mr. Dimon had agreed to represent him until Petitioner's wife sent a copy of the contract to him at FCI Fort Dix. (Id.) Briley signed the contract on April 21, 2017. (Id.)

3

II. DISCUSSION

   A.   Standard of Review

   In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

   The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

> Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

Howard Hess Dental Laboratories Inc., 602 F.3d at 251.

B. Analysis

Reconsideration is not warranted based on Mr. Dimon's contract with Briley. Briley's challenge to his security classification simply is not cognizable under 28 U.S.C. § 2241. See Briley v. Att. Gen. U.S., 632 F. App'x 84, 85 (3d Cir. 2016) (dismissing Briley's security classification claim in prior habeas petition); Briley, No. 17-2029, 2017 WL 3483166, at *2 ("Briley's instant claims—that the BOP staff improperly renewed a MGTV and improperly applied a PSF to his security classification—are not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment.)

III. CONCLUSION

For the reasons discussed above, the second motion for reconsideration is denied.

An appropriate Order follows.

Dated: January 4, 2019

                                 s/Renée Marie Bumb
                                 **Renée Marie Bumb**
                                 **United States District Judge**